23684

William J. DEGENHART, Vincent J. Degenhart, and Robert W. Degenhart,
Appellants v. KNIGHTS OF COLUMBUS, Respondent.

(420 S.E. (2d) 495)

Supreme Court

*Paul V. Degenhart,* Columbia, *for appellants.*

*Val H. Stieglitz,* of *Nexsen,,Pruett, Jacobs & Pollard,* Columbia, *for respondent.*

Heard April 21, 1992.

Decided July 13, 1992.

HARWELL, Chief Justice:

Appellants William J. Degenhart, Vincent J. Degenhart, and Robert W. Degenhart (the Degenharts) assert that the master-in-equity erred in holding that respondent Knights of Columbus was not liable for the acts of its agent, Michael A. Aun, II. We affirm.

## I. FACTS

Knights of Columbus is a fraternal, nonprofit organization that offers life insurance, health insurance, and annuities to its members. Aun and Knights of Columbus entered into a Field Agent Contract wherein Aun was authorized to solicit and procure applications for life and health insurance on the lives of members of Knights of Columbus. Aun agreed that he would "not engage n any other occupation or business, except as authorized by [Knights of Columbus]."

Contrary to the Field Agent Contract, Aun established a real estate business. Aun initially contacted the Degenharts in his capacity as insurance agent for Knights of Columbus. He subsequently induced the Degenharts to invest over $250,000 in various partnerships created by him for the purposes of owning and managing rental properties. When the investments failed, the Degenharts brought an action against Aun and Knights of Columbus, alleging, among other things, that they were injured by Knights of Columbus's failure to properly supervise and manage Aun's activities.

The master-in-equity found that the Degenharts were aware that Aun promoted his various business ventures for

his own benefit, and not for the benefit or profit of Knights of Columbus. He also found that Knights of Columbus possessed no notice of Aun's outside activities. Accordingly, the master-in-equity found that Aun was acting outside the scope of his authority as agent for Knights of Columbus. The master-in-equity discerned no genuine issue of fact tending to demonstrate that Knights of Columbus had notice of Aun's outside real estate activities sufficient to create a duty on the part of Knights of Columbus to supervise the activities. The master-in-equity therefore granted summary judgment in favor of Knights of Columbus.

## II. DISCUSSION

The Degenharts assert that because Knights of Columbus entrusted its members to Aun, it owed a duty to its members, including the Degenharts, to implement adequate safeguards to monitor and enforce Aun's contract. We disagree.

Initially, we note that the question is not whether Knights of Columbus had notice of Aun's activities. Rather, the dispositive issue is whether Knights of Columbus owed the Degenharts a duty, and, if so, the extent of that duty. If Knights of Columbus owed no duty to the Degenharts to protect them from the harm they suffered, notice is immaterial. This is because the common law ordinarily imposes no duty on a person to act. *Rayfield v. South Carolina Department of Corrections*, 297 S.C. 95, 100, 374 S.E. (2d) 910, 913 (Ct. App. 1988). Thus, a person usually incurs no liability when he fails to take steps to protect others from harm not created by his own wrongful conduct. *Id.*

Under certain circumstances, an employer is under a duty to exercise reasonable care to control an employee acting outside the scope of his employment. An employer may be liable for negligent supervision if the employee intentionally harms another when he:

    (i)   is upon the premises in possession of the [employer] or upon which the [employee] is privileged to enter only as his [employee], or

    (ii)  is using a chattel of [the employer], and . . . [the employer]

    (i)   knows or has reason to know that he has the ability to

control his [employee], and

(ii) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts & 317 (1965).

An employer also may have a legal duty arising out of a contract which flows to a plaintiff with whom he is not in privity of contract. This occurs when an employer, by entering into a contract with an employee, places himself in such a relation with the plaintiff that the law imposes upon the employer an obligation, sounding in tort and not in contract, to act in such a way that the plaintiff will not be injured. *See* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on The Law of Torts*, 667-68 (5th ed. 1984).

Having identified duties that an employer may owe to third parties for the acts of its employee, we now turn to the case before us. As to negligent supervision, the Degenharts have presented no evidence demonstrating that Aun harmed them while utilizing the premises or chattel of Knights of Columbus. Even assuming that Knights of Columbus had the ability to control Aun by enforcing the contract, as the Degenharts assert, there are no facts tending to show that Knights of Columbus knew or should have known that it should exercise control over Aun. Thus, we conclude that Knights of Columbus did not negligently supervise Aun.

As to the contract between Knights of Columbus and Aun, we find that any duty Knights of Columbus might owe the Degenharts arising out of the contract between Knights of Columbus and Aun would be limited to an obligation on the part of Knights of Columbus to use due care in supervising Aun's actions undertaken in his capacity as agent for Knights of Columbus. Here, Knights of Columbus's name appeared in no partnership agreement; no investment checks were made payable to Knights of Columbus; and Aun utilized his own name to publicize his business ventures. Clearly, Aun was acting in his individual capacity, and not as agent for Knights of Columbus, when he allegedly injured the Degenharts. Accordingly, we conclude that Knights of Columbus possessed no duty arising out of the contract to protect the Degenharts from unreasonable risks resulting from their relationship with Aun in his individual capacity.

The Degenharts next allege that summary judgment was premature because they had a motion to compel discovery. It appears from the record that the Degenharts took no steps to protect their interests in this regard. The Degenharts did not move for a continuance or ask the master-in-equity to hold his decision in abeyance pending the outcome of their motion to compel discovery. An issue on which the master-in-equity never ruled and which was not raised in posttrial motions is not properly before this Court. *SSE Medical Services, Inc. v. Cox*, 301 S.C. 493, 392 S.E. (2d) 789 (1990). The order of the master-in-equity granting summary judgment is

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.