486 S.E.2d 9

**Jaymes D. MOORE, a minor under the age of eighteen (18) years, by his Guardian Ad Litem, Milinda MOORE, Appellant,**

**v.**

**BERKELEY COUNTY SCHOOL DISTRICT, and Barbara Jean Steward, Respondents.**

No. 2663.

Court of Appeals of South Carolina.

Heard April 8, 1997.

Decided May 12, 1997.

Rehearing Denied June 18, 1997.

Alan D. Toporek, of Uricchio, Howe, Krell, Jacobson, Toporek & Thoes, Charleston, for appellant.

Ronald James Tryon and David Dubberly, both of Childs & Duff, Columbia, for respondent.

CURETON, Judge:

This is a tort action by a student against his teacher and a school district pursuant to the South Carolina Tort Claims Act. The trial court granted summary judgment in favor of the Berkeley County School District (District). The student, Jaymes D. Moore, appeals.[1] We affirm.

---

1. The claims against the teacher are not involved in this appeal.

## Background

At the time of the alleged incident, Moore was a fifteen-year-old eighth grade student. Barbara Jean Steward was a teacher at Sedgefield Middle School (School) in Berkeley County. Moore attended summer school there during 1992 and Steward was his teacher. The complaint alleges Moore went to Steward's home after school on July 15, 1992 for the ostensible purpose of making up missed school work. At her home, Steward "required and induced" Moore to engage in sexual intercourse with her.

The complaint states causes of action against Steward for gross negligence, intentional infliction of emotional distress, false imprisonment, assault and battery, and invasion of privacy. With respect to the District, the complaint asserts the district was grossly negligent in (1) hiring Steward as a teacher, (2) supervising her as a teacher, and (3) supervising Moore as a student. Moore also claims the school district was grossly negligent in appointing Paul Hilson as acting principal of the School for the summer term.

The trial court granted the district's motion for summary judgment finding the district investigated Steward's background before hiring her and there was no evidence of gross negligence in the decision to hire her.[2] Likewise, the court rejected Moore's claim that the district was grossly negligent in supervising Steward since the alleged act of sexual intercourse took place in her home and not upon the school premises. The court further concluded the district had no legal duty to supervise Moore at the time and place of his injury. Alternatively, the court held that if such duty did exist, there was no evidence the district had knowledge of Steward's sexual proclivity such that the district consciously failed to protect Moore. As to the intentional tort claims, the court concluded the district was not liable pursuant to S.C.Code Ann. § 15–78–60(17) (Supp.1996), for the intentional actions of Steward inasmuch as her actions were committed outside the scope of her employment and/or constituted

---

2. There is no appeal from this conclusion. At oral argument, Moore conceded the district was not negligent in hiring Steward.

a crime involving moral turpitude.[3] With respect to gross negligence in the appointment of Hilson as summer school principal, the court again emphasized that the act of sexual intercourse took place in Steward's home and there was no evidence Steward exhibited any conduct at school which would have led the District to reasonably anticipate she would engage in sexual activity with a student.

## *Discussion*

### I.

In determining whether any triable issues of fact are present in this case, we review the evidence in the light most favorable to Moore. *City of Columbia v. ACLU,* 323 S.C. 384, 475 S.E.2d 747 (1996). Accordingly, we find Paul Hilson was appointed principal of Sedgefield Middle School for the 1992 summer term after serving as assistant principal at the school during the regular school year. Hilson was appointed in spite of the fact he had been temporarily suspended in 1990 for an incident of sexual harassment against another teacher. The District required him to obtain professional counseling. In 1991, Hilson falsified some teacher evaluation information. In July of 1992, Hilson was notified he would be placed on probation for the 1992–93 school year due to "a major deficit in human relation skills with teachers and classified personnel and also a need for improvement in curriculum knowledge." Nevertheless, the district administration thought Hilson suitable for the summer job as principal. The principal of Sedgefield Middle School, Willis Sanders, instructed Hilson to regularly visit the classrooms during summer school. Although Sanders was at the school almost every day during the summer, he did not hear any complaint that Hilson was not performing his job. Other summer school teachers and office personnel testified Hilson did not monitor the classrooms as closely as they were monitored during the regular school year. A member of the office staff testified Hilson did not always report to work during the summer term.

---

3. Moore has not specifically argued against the court's ruling which granted summary judgment to the district on the causes of action for intentional infliction of emotional distress, false imprisonment, assault and battery, and invasion of privacy.

Moore did not know Steward before attending summer school. However, after entering her class, he observed Steward was not "an average teacher." The students did not do any work in her class. They were rowdy and sat around talking. The radio was often playing. Steward permitted the students to smoke cigarettes in class and on one occasion Moore observed her smoking marijuana with other students during a break. Notably, Moore testified Hilson came through the classroom many times while these activities were going on, but did nothing about it.[4] Sanders stated he personally visited Steward's classroom and did not observe anything unusual or inappropriate.

Other summer school teachers described activities they observed in Steward's classroom including a male student massaging Steward's shoulders, students sitting around chatting, students walking around, a male student answering the locked door to Steward's classroom when the lights were off, and Steward holding hands with a male student. While these persons considered some of the observed behavior inappropriate and discussed it among themselves, they did not report it to the administration. Steward admitted in her deposition that male students sometimes massaged her shoulders.

With respect to the sexual incident, Moore testified he missed a day of school and Steward told him he would need to make up the missed work. She offered to tutor him at her home and contacted his mother to obtain permission for him to accompany her home. While at her home, they smoked marijuana and engaged in sexual intercourse. In August of 1992, parents approached the District administrators with allegations regarding inappropriate sexual behavior by Steward with two other male students. The District subsequently learned the police intended to arrest Steward for having sexual intercourse with a student. At that point, the District suspended Steward pending resolution of the criminal charges. Moore testified he never reported the incident in question until October 1992, when an article appeared in the newspaper indicating Steward had been charged with a sexual offense

---

4. Apparently, he was not suggesting Hilson witnessed the marijuana smoking incident.

with another student. He then advised his mother and the police.

## II.

Moore argues the trial court erred in granting summary judgment to the District because the facts, viewed in the light most favorable to him, demonstrate that the District's gross negligence proximately caused his injury. Moore does not contend the District is liable solely because Steward committed a crime against his person; rather, he contends Steward's actions were the foreseeable result of the District's gross negligence in appointing an incompetent principal. Moore first contends the District's failure to appoint a competent summer school principal created a climate which facilitated the sexual contact with Steward. Moore relies upon *Greenville Memorial Auditorium v. Martin,* 301 S.C. 242, 391 S.E.2d 546 (1990), as support for this claim.

In *Martin,* a patron attending a concert at the Greenville Memorial Auditorium was injured when a third party threw a glass bottle from the balcony of the auditorium. The patron's complaint alleged the auditorium employees were negligent in inadequately securing and maintaining the premises during the concert and their negligence created a reasonably foreseeable risk of such third party conduct. The Supreme Court held the trial court properly denied a motion for directed verdict based upon S.C.Code Ann. § 15–78–60(20) (Supp.1996). That provision provides that a governmental entity is not liable for a loss resulting from "an act or omission of a person other than an employee including but not limited to the criminal acts of third persons." The court stated the auditorium could not successfully claim that the patron's injuries were caused by the wrongful act of a third party when the basis of the claim was that the negligence of the auditorium created a reasonably foreseeable risk of such third party conduct. *Id.* at 247, 391 S.E.2d at 549. This court cited *Martin* in *Woodell v. Marion School Dist. One,* 307 S.C. 297, 414 S.E.2d 794 (Ct.App.1992). There we held the trial court erred in dismissing a complaint where a student alleged that she was assaulted due to the school district's gross negligence in supervising her attacker. We noted the complaint did not seek to impose liability upon the school district for the alleged criminal act of

the other student, but rather focused upon the school district's alleged gross negligence in supervising both the plaintiff-student and the attacker. *Id.* at 297–98, 414 S.E.2d at 794.

■ The trial court applied the principles of *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992), to the claim of negligent supervision of Steward by the District. In *Degenhart*, the Supreme Court held an employer is under a duty in some circumstances to exercise reasonable care to control an employee acting outside the scope of employment. The court stated an employer may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control. *Id.* at 115–17, 420 S.E.2d at 496. This court also applied *Degenhart* in *Brockington v. Pee Dee Mental Health Ctr.*, 315 S.C. 214, 433 S.E.2d 16 (Ct.App.1993). In that case, an employee of the Center allegedly sexually assaulted a patient who was enrolled in a therapy program at the Center. We concluded there was no evidence to support the conclusion the Center knew or should have known of the necessity to exercise control over the employee prior to the time he assaulted the patient. In *Doe v. Greenville Hospital System*, 323 S.C. 33, 448 S.E.2d 564 (Ct.App.1994), we applied *Degenhart* to a case where a security guard at a hospital allegedly engaged in a sexual act with a minor who was a candy striper. Under the facts of that case, we concluded the hospital knew or should have known of the necessity for controlling the employee at the time of the alleged incident, because the hospital knew of another incident of inappropriate sexual behavior by the employee.

## III.

■ The South Carolina Tort Claims Act addresses the circumstances under which a governmental entity is liable for tortious conduct of its employees. However, the Act states a governmental entity is not liable for a loss resulting from "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm,

or a crime involving moral turpitude." S.C.Code Ann. § 15–78–60(17) (Supp.1996). Further, a governmental entity is not liable for a loss resulting from "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, . . . except where the responsibility or duty is exercised in a grossly negligent manner." S.C.Code Ann. § 15–78–60(25) (Supp.1996). Gross negligence means the failure to exercise a slight degree of care. Gross negligence involves an intentional, conscious failure to do something which it is incumbent upon one to do or the intentional doing of a thing one ought not to do. The term is relative and means the absence of care that is necessary under the circumstances. *Hollins v. Richland Cty. Sch. Dist. One,* 310 S.C. 486, 427 S.E.2d 654 (1993); *Clyburn v. Sumter Cty. Sch. Dist. 17,* 311 S.C. 521, 429 S.E.2d 862 (Ct.App.1993); *Grooms v. Marlboro Cty. Sch. Dist.,* 307 S.C. 310, 414 S.E.2d 802 (Ct.App.1992).

█ There is no evidence in this case that the District had notice of improper sexual contact between Steward and any other students prior to the incident involving Moore. There is no evidence Steward made inappropriate advances toward Moore either in or out of the classroom prior to this incident. Also, there is no evidence Moore or anyone else ever complained to the District either about Steward's conduct during summer school or her tutoring in her home. At best, there is evidence aplenty that Steward's summer school classroom was conducted in a lax manner, and while some of the summer school teachers observed what they considered "inappropriate" behavior in the classroom, they did not report it to the administration and did not consider the behavior to be of such a character that it might harm the students. Whether or not Hilson adequately monitored Steward's classroom is of no significance, inasmuch as none of the alleged classroom incidents were of such a character that the administration would have, if aware of them, reasonably anticipated that Steward would engage in sexual intercourse with a student in her own home after school hours.

We therefore are bound to follow the precedent of *Brockington* and *Doe.* As in those cases, the crux of Moore's case is the sexual conduct of an employee of a public entity. Absent some evidence indicating notice to the District of Steward's

inappropriate sexual proclivities, there is no basis to conclude the District knew or should have known of the necessity for supervising her conduct outside the classroom.

Accordingly, the order of the trial court is

**AFFIRMED.**

CURETON, HEARN and STILWELL, JJ., concur.