639 S.E.2d 50

**Ronnie ARMSTRONG and Tillie Armstrong, Petitioners,**

v.

**FOOD LION, INC., Respondent.**

**No. 26235.**

Supreme Court of South Carolina.

Heard Nov. 1, 2006.

Decided Dec. 11, 2006.

Katherine Carruth Link, of West Columbia, and Ross Alan Burton, of Winnsboro, for petitioners.

D. Andrew Williams, and R. Hawthorne Barrett, of Turner, Padget, Graham & Laney, P.A., of Columbia; and Paul D. Harrill, of McNair Law Firm, P.A., of Columbia, for respondent.

Justice MOORE:

Petitioners, who are mother and son, filed suit against respondent (Food Lion), alleging causes of action for assault, battery, outrage, premises liability, negligence, and negligence *per se.* The trial court granted Food Lion's motion for a directed verdict as to most of petitioners' claims. The jury returned a verdict in favor of Food Lion as to the negligence claim. The Court of Appeals affirmed pursuant to Rule 220(b)(2), SCACR. *Armstrong v. Food Lion, Inc.,* Op. No.2004–UP–366 (S.C. Ct.App. filed June 10, 2004). We affirm.

## FACTS

Petitioner Ronnie Armstrong (Ronnie) went to the Winnsboro Food Lion store on December 14, 1998, to purchase groceries with his sister and his mother Tillie Armstrong (Tillie). As Ronnie walked up the aisle of the store, three men in Food Lion uniforms approached him. Ronnie stated that Byron Brown approached and said "What's up?," and Ronnie replied, "Nothing." Ronnie testified that Brown then attacked him with a box cutter. Brown cut Ronnie in the face and neck and a second employee, Marcus Cameron, also began attacking him after he fell on the floor. Cameron cut him with another box cutter on his back.

When Ronnie's mother, Tillie, came to his aid, Cameron punched her in the chest and knocked her to the floor. A witness, Justin Loner, helped Tillie up and pulled Cameron off of Ronnie. Brown then backed off, and Loner called EMS.

Ronnie testified that, "I don't know why they cut me. They just attacked me for no reason. I said nothing to provoke anyone." On cross-examination, Ronnie stated he had a confrontation with Brown two years prior to the incident, and Brown had threatened to kill him.

Loner testified that, when he first entered Food Lion, he saw three employees at the front of the store "goofing off" and not working. Two of those employees were Brown and Cameron. He stated that, after Ronnie and the employees approached each other, he saw one employee hit Ronnie causing him to bleed.

The store manager testified regarding the Food Lion employee manual. He read from the manual under the heading "Case Cutters." The manual stated: "Be extremely careful when using case cutters. Case cutters represent one of the major causes of accidents in the supermarket."

Following the presentation of petitioners' case, Food Lion moved for a directed verdict, arguing petitioners had failed to present evidence that Brown and Cameron were acting within the scope of their employment at the time of the assault. During petitioners' argument in response, counsel admitted Brown and Cameron "were goofing off at the time." The trial court granted a directed verdict in Food Lion's favor as to petitioners' causes of action for assault, assault and battery, and outrage[1] based on petitioners' failure to show the assault was committed for the purpose of, or in some way furthering, Food Lion's business.

## ISSUE

Did the Court of Appeals err by finding the trial court properly directed a verdict in Food Lion's favor on petitioners' cause of action alleging Food Lion was vicariously liable for the torts committed by its employees?

## DISCUSSION

In ruling on a motion for directed verdict, the trial court is required to view the evidence and the inferences that

---

1. The causes of action for negligence *per se* and premises liability were also dismissed.

reasonably can be drawn therefrom in the light most favorable to the party opposing the motions. *Steinke v. South Carolina Dep't of Labor, Licensing Reg.,* 336 S.C. 373, 520 S.E.2d 142 (1999). If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion should have been denied. *Jinks v. Richland County,* 355 S.C. 341, 585 S.E.2d 281 (2003). This Court will reverse only where there is no evidence to support the trial court's ruling, or where the ruling was controlled by an error of law. *Steinke, supra.*

Petitioners contend Food Lion is legally responsible to them for the acts of its employees, Brown and Cameron. The doctrine of *respondeat superior* rests upon the relation of master and servant. *Lane v. Modern Music, Inc.,* 244 S.C. 299, 136 S.E.2d 713 (1964). A plaintiff seeking recovery from the master for injuries must establish that the relationship existed at the time of the injuries, and also that the servant was then about his master's business and acting within the scope of his employment. *Id.* An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business. *Id.* These general principles govern in determining whether an employer is liable for the acts of his servant. *Id.*

The act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment so as to render the master liable therefor. *Lane, supra.* Under these circumstances the servant alone is liable for the injuries inflicted. *Id.* If a servant steps aside from the master's business for some purpose wholly disconnected with his employment, the relation of master and servant is temporarily suspended; this is so no matter how short the time, and the master is not liable for his acts during such time. *Id.*

The trial court appropriately granted a directed verdict because petitioners failed to produce any evidence that the Food Lion employees were acting within the scope of their employment or in furtherance of Food Lion's business when they attacked petitioners. The only reasonable inference from

the testimony is that Brown and Cameron attacked Ronnie for their own personal reasons and not for any reason related to their employment.[2] They were acting "to effect an independent purpose of their own." *See Lane, supra* (act of servant done to effect some independent purpose of his own is not within scope of his employment). Food Lion was not legally liable because the employees stepped away from their job of stocking shelves. *See Lane, supra* (employer not liable where employee stepped away from the employer's business to play a prank); *Hamilton v. Davis*, 300 S.C. 411, 389 S.E.2d 297 (Ct.App.1990) (same).

 Two cases that have previously found an employer liable for its employee's assault of another person are distinguishable from the instant case. In *Crittenden v. Thompson–Walker Co., Inc.*, 288 S.C. 112, 341 S.E.2d 385 (Ct.App.1986), an employee assaulted another person in an attempt to collect a debt of the business. In *Jones v. Elbert*, 211 S.C. 553, 34 S.E.2d 796 (1945), a dairy farm's general manager assaulted the owner of a company contracted to provide a refrigerating system. The assault resulted from a dispute arising over problems with the system. The factor that distinguishes these cases from the instant case is that the assaults in *Jones* and Crittenden occurred, not merely in connection with the master's business, but with the purpose of in some way furthering the master's business. Here, there is no evidence that Brown and Cameron were furthering Food Lion's business in any manner.[3] Accordingly, the trial court properly granted Food

---

2. Petitioners argue that, because the reason for the attack is not gleaned from the testimony, we should look at the evidence in the light most favorable to them and essentially find the attack occurred for a work-related reason and send the case to the jury. However, this argument ignores the fact that petitioners have the burden of proving the employees were about Food Lion's business and acting within the scope of their employment at the time of the attack. Petitioners failed to meet this burden.

3. Petitioners argue the evidence was sufficient to establish a presumption that the employees were acting within the scope of their employment because Food Lion had furnished the instrumentalities used in the attack. Where one is found in possession of another's property, apparently using it in the business of such other, he is presumed to be the agent or servant of the owner and acting within the course of his employment. *See Falconer v. Beard–Laney, Inc.*, 215 S.C. 321, 54

Lion's motion for a directed verdict. Therefore, the decision of the Court of Appeals is

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

S.E.2d 904 (1949). However, petitioners failed to show that the employees were using the box cutters in Food Lion's business. Therefore, petitioners are not entitled to any such presumption.