THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Amy M. Self, Appellant,
 v.
 City of Gaffney, County of Cherokee, and Mark D. Vanderburg, Respondents.
 
 
 

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2007-UP-313
Submitted June 1, 2007  Filed June 12, 2007
AFFIRMED

 
 
 
 Fletcher N. Smith, Jr., of Greenville, for Appellant.
 William B. Darwin, Jr., of Spartanburg, for Respondents.
 
 
 

PER CURIAM:  Amy M. Self appeals the circuit courts award of summary judgment to defendants City of Gaffney (City), County of Cherokee (County), and Mark D. Vanderburg.  We affirm.[1]
FACTS
On February 15, 1997, Self was arrested in Gaffney at the home of John D. McCall on a charge of trespass after notice.  Self, who was dating or had recently dated McCall, had entered the dwelling with permission but refused to depart when asked.  In response, McCall called 911.  Officer Vanderburg and another policeman responded to the call and informed Self she would have to exit the home.  When she again refused, she was arrested.  There is no evidence or allegation that Self was injured or otherwise mistreated or mishandled during the arrest.  She was transported by Vanderburg to the Gaffney city jail without incident. 
 
Self was booked and placed in a holding cell at the jail with several other female inmates.  She was taken before a magistrate after approximately three hours; however her bond was not set at that time because she was crying so hysterically that the magistrate did not feel he could properly communicate with her.  She was then taken back to the holding cell.  At some point, Self complained of breathing problems, irregular heartbeat, and numbness.  A detention officer responded to her complaint, and she was taken to Upstate Carolina Medical Center approximately twenty minutes later.  According to Self, the officers who transported her dragged her down the hallway, placed her in a swivel chair, and rolled her outside to a police car for transport to the hospital.  She asserts that she was bruised as a result of this conduct.
Once at the medical center, Self demanded to be transported elsewhere and refused to sign a consent form in order to receive treatment.  She then returned to jail but was soon released.  Her entire time of incarceration totaled twenty seven hours.  She was later adjudicated not guilty of the trespass after notice charge.
The morning of her release from jail, Self chose to return to Upstate Carolina Medical Center for treatment.  One to two weeks after her arrest, she visited a family doctor who prescribed her migraine medication.  No other diagnosis or other treatment, physical or psychological, was ever given or recommended.
Self brought suit against the City, County, and Vanderburg, alleging: (1) malicious prosecution; (2) assault and battery; and (3) gross negligence in failing to properly train, discipline, and supervise employees.  The circuit court awarded the defendants summary judgment as to all three causes of action.
DISCUSSION
Self claims the circuit court improperly granted summary judgment for the defendants.  We disagree.
Selfs claims are governed by the provisions of the South Carolina Tort Claims Act.  S.C. Code Ann. § 15-78-10 et. seq.  The Act provides for a limited waiver of general sovereign immunity; however, it specifically limits the liability of the State, its agencies, political subdivisions, and other governmental entities for causes of action sounding in tort.  The Act contains a nonexclusive list of thirty seven specific exceptions to the limited waiver of immunity.  S.C. Code Ann. § 15-78-60 (2005).  Selfs remedy under the Act is the sole, exclusive civil remedy for any tort committed by a governmental entity or government employee acting within the scope of his or her employment.  S.C. Code Ann. §§ 15-78-20(b), 15-78-30 (2005).  Based on these exceptions, the City, County, and Vanderburg were all properly awarded summary judgment on each of Selfs tort claims.
S.C. Code Ann. § 15-78-60(25) (2005) provides that a governmental entity is not liable for a loss resulting from responsibility or duty including but not limited to supervision, protection, control, confinement or custody of any . . . prisoner [or] inmate . . . of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.  Despite Selfs arguments to the contrary, the Tort Claims Act clearly places a standard of gross negligence on her claims.
In her complaint, Self makes only vague and general allegations of negligence.  Self never identifies any particular individual in conjunction with her assault and battery claim, but only generally claims that she received bruises from jail personnel in conjunction with her transport to the hospital.  In the body of her complaint, there is a general allegation the defendants failed to properly train and supervise officers in the jail.  In the prayer for relief, there is another claim of gross negligence for the alleged failure to provide medical care.  In order to prove any of her claims, Self must show the City, County, or Vanderburg was grossly negligent in their actions.  A showing of simple negligence is not enough to defeat the protections of the Act.
South Carolina courts have recognized that gross negligence is a relative term, generally meaning the absence of care that is necessary under the circumstances.  Hicks v. McCandlish, 221 S.C. 410, 415, 70 S.E.2d 629, 631 (1952).  Gross negligence essentially involves an intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do.  Richardson v. Hambright, 296 S.C. 504, 506, 374 S.E.2d 296, 298 (1988).  This degree of negligence connotes the failure to exercise even a slight degree of care.  Wilson v. Etheredge, 214 S.C. 396, 400, 52 S.E.2d 812, 814 (1949); Anderson v. Ballenger, 166 S.C. 44, 55, 164 S.E. 313, 317 (1932).  Conversely, there is no gross negligence where slight care is exercised.  While gross negligence is ordinarily a mixed question of law and fact, when the evidence supports but one reasonable inference, the question is solely a matter of law.  Etheredge v. Richland County Sch. Dist. One, 341 S.C. 307, 534 S.E.2d 275 (2000).
In Etheredge v. Richland County Sch. Dist. One, a high school student was stabbed and killed on campus. Upholding the circuit courts grant of summary judgment to the school, our supreme court held that because the school had only indirect knowledge, if any, of the animosity between the students, provided the hall monitors with walkie-talkies, locked doors between classes, and circulated a daily list of suspended students, the school exercised at least slight care and was entitled to summary judgment pursuant to § 15-78-60.
In Moore v. Berkley County Sch. Dist., 326 S.C. 584, 486 S.E.2d 9 (Ct. App. 1997), the plaintiff sued the school because her son was sexually assaulted by a teacher.  This court held that even though there was evidence the teacher conducted her classroom in a lax manner, allowed the lights to be dimmed, and allowed her students to give her back rubs, this did not amount to sufficient notice to hold the school liable under the gross negligence standard.  The court held the school had no notice the teacher had made any inappropriate advances toward the student and that, in any event, the inappropriate classroom behavior would still not have created notice that the teacher would have the student over to her home to have sexual contact with him there.
In this case, the jail had requirements for jailer training and experience.  These included a high school diploma, two years experience in a job requiring public contact, eighty hours of training and graduation from the Criminal Justice Academy, and twenty additional hours of formal training annually.  The jails physical force policies prohibited the unnecessary use of force.  Nonetheless, even assuming the detention officers performed all of the acts Self alleged, upon examining the types of conduct our appellate courts have held do not rise, as matter of law, to the level of gross negligence, it is clear the City and County were not grossly negligent in failing to properly train, discipline, and supervise employees.
As to the claim relating to an alleged failure to provide medical care, an inmate is entitled to reasonable medical care but is not entitled to choose the particular course of treatment he or she receives, so long as the treatment is adequate.  See DeLonta v. Angelone, 330 F.3d 630 (2003).  Transport to a different medical facility was neither Selfs right nor the jails obligation.  By promptly transporting Self to Upstate Carolina Medical Center, the City and County were obviously not grossly negligent in this regard.
Because there is absolutely no evidence in the record indicating any gross negligence on the part of the City and County, the circuit court properly dismissed Selfs claims against these defendants.
Self argues the circuit court erred in dismissing Vanderburg as a individual defendant because Self swore in her affidavit that he arrested her with malice.  She infers this malice directly from her opinion that the arrest was made without probable cause.  A plain reading of the trial courts order shows, however, that its ruling on Vanderburgs liability was based on other grounds, each of which supports his dismissal.
The circuit court held that under the Tort Claims Act, an employee is not personally liable for torts committed while acting within the scope of his official duty.  S.C. Code Ann. § 15-78-70(a) (2005).  Because Vanderburg was clearly within the scope of his official duty when he responded to a 911 call as the on duty police officer, he is not properly named as a defendant in this suit.
Additionally, the court held that even if Vanderburg could be properly named as a defendant, in light of Selfs claim of malice based on lack of probable cause, her claims as they relate to him are barred by S.C. Code Ann. § 15-78-60(3) and § 15-78-60(4).  These Tort Claims Act exceptions provide immunity for an alleged loss arising out of the lawful implementation of process and the enforcement of state law.  Vanderburg was one the arresting officers and was not involved in any way with Selfs claims arising from her alleged injuries during her detention.  Her claims, therefore, are based solely on Vanderburg arresting her for trespass after notice and he was therefore entitled to be dismissed from the action.
Lastly, Vanderburg was entitled to be dismissed on the ground that Self, despite her bare and conclusory allegations of malice, failed to offer any evidence to prove the common law elements of her malicious prosecution claim.  Lack of probable cause is an essential element to a malicious prosecution claim.  Whitner v. Duke Power Co., 277 S.C. 397, 288 S.E.2d 389 (1982).  Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise.  Jones v. City of Columbia, 301 S.C. 62, 65, 389 S.E.2d 662, 663 (1990).  Trespass after notice is a misdemeanor criminal offense and involves the failure to leave a dwelling house, place of business or premises of another after having been requested to leave.  State v. Cross, 323 S.C. 41, 44, 448 S.E.2d 569, 570 (Ct. App. 1994); see also S.C. Code Ann. § 16-11-620 (2003).  Selfs obvious trespass after notice was committed in Vanderburgs presence, clearly providing him probable cause to make the arrest and was therefore properly granted summary judgment and dismissed.
CONCLUSION 
Accordingly, the circuit courts award of summary judgment for the respondents is 
 
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.