**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, Appellant,

v.

Charles Smith, Charleston County School District and James Island High School, Respondents.

Appellate Case No. 2013-000084

————————

Appeal From Charleston County
W. Jeffrey Young, Circuit Court Judge

————————

Unpublished Opinion No. 2014-UP-267
Heard May 7, 2014 – Filed June 30, 2014

————————

**AFFIRMED**

————————

Lawrence E. Richter, Jr., Alice Richter Lehrman, Aaron Eric Edwards, all of The Richter Firm, LLC, of Mount Pleasant, for Appellant.

Stephen Lynwood Brown, Wilbur E. Johnson, Brian Lee Quisenberry, and Russell Grainger Hines, all of Young Clement Rivers, of Charleston, for Respondents Charleston County School District and James Island High School; Robin Lilley Jackson, of Senn Legal, LLC, of

Charleston, for Respondent Charles Smith.

---

**PER CURIAM:** Jane Doe appeals the order of the trial court granting summary judgment to Charles Smith, Charleston County School District (District), and James Island High School (High School) on her claims for breach of fiduciary duty, outrage, and gross negligence. We affirm.

(1) We find the trial court did not err in granting the District and the High School summary judgment on Doe's negligent supervision claim. *See* S.C. Code Ann. § 15–78–60(25) (2005) (providing a governmental entity is not liable for a loss resulting from the "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, . . . except where the responsibility or duty is exercised in a grossly negligent manner . . . "); *Degenhart v. Knights of Columbus,* 309 S.C. 114, 116–17, 420 S.E.2d 495, 496 (1992) (stating an employer may be liable for negligent supervision when the employee intentionally harms another when he is on the employer's premises, he is on premises he is privileged to enter only as an employee or is using the employer's chattel, the employer knows or has reason to know he has the ability to control the employee, and the employer knows or has reason to know of the necessity and opportunity to exercise such control); *Moore v. Berkeley Cnty. Sch. Dist.*, 326 S.C. 584, 591-92, 486 S.E.2d 9, 13 (Ct. App. 1997) (finding district not liable for negligent supervision when although there was evidence teacher's classroom was conducted in a lax manner and some teachers observed what they considered "inappropriate" behavior in the classroom, none of the alleged classroom incidents were of such a character that the administration would have, if aware of them, reasonably anticipated that the teacher would engage in sexual intercourse with a student in her own home after school hours). Doe presented no evidence that the District knew or had reason to know of a need to exercise control over Smith to prevent him from abusing Doe.

(2) We find Doe's contention the School District and the High School failed to exercise slight care because it made no effort to offer guidance, accommodation, or other support to Doe after her suicide attempt is not preserved for appellate review. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

(3)  We find the trial court did not err in holding the District and the High School are not liable under a theory of *respondeat superior*.  *See* S.C. Code Ann. § 15–78–60(17) (2005) (excluding a governmental entity from liability for a loss resulting from "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude . . . "); *Froneberger v. Smith*, 406 S.C. 37, 748 S.E.2d 625, 633 (Ct. App. 2013) (stating the modern doctrine of *respondeat superior* makes a master liable to a third party for injuries caused by the tort of his servant committed within the scope of the servant's employment); *Kase v. Ebert*, 392 S.C. 57, 61-62, 707 S.E.2d 456, 458 (Ct. App. 2011) ("If a servant steps aside from the master's business for some purpose wholly disconnected with his employment, the relation of master and servant is temporarily suspended; and this is so *no matter how short the time,* and the master is not liable for his acts during such time." (internal citations and quotation marks omitted)); *Frazier v. Badger*, 361 S.C. 94, 103, 603 S.E.2d 587, 591 (2004) ("[S]exual harassment by a government employee is not within the employee's 'scope of employment.'"); *Brockington v. Pee Dee Mental Health Ctr.*, 315 S.C. 214, 218, 433 S.E.2d 16, 18 (Ct. App. 1993) (holding an employee clearly was acting in his individual capacity and not as an agent for the defendants when he sexually assaulted the victim in his office).

(4)  Doe failed to challenge the trial court's granting of summary judgment to the District and the High School on Doe's breach of fiduciary duty claim and outrage claim.  She also failed to challenge the trial court's ruling that all of Doe's claims against the High School fail because the High School did not exist as a separate legal entity until 2003.  These rulings are the law of the case.  *See Jones v. Lott,* 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) (holding an "unchallenged ruling, right or wrong, is the law of the case and requires affirmance").

(5)  We find Doe failed to challenge properly the trial court's ruling that her claims against Smith for outrage and punitive damages were barred by the Tort Claims Act.  Her only discussion of this ruling is in a footnote in her brief within the argument section "The Respondents owed a duty of care to Doe," in which she states: "To the extent Smith was acting outside the scope of his employment by taking Doe for rides in his car and tending to Doe after her suicide attempt, the ruling by the trial court barring the claims of outrage and for punitive damages against Smith are in error because those limitations on liability apply only to

employees acting within the scope of their employment."  *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Walde v. Ass'n Ins. Co.*, 401 S.C. 431, 435 n.1, 737 S.E.2d 631, 633 n.1 (Ct. App. 2012) (refusing to address an issue when the appellant's brief did not include an issue on appeal addressing this contention, did not argue the specific issue, and only briefly referred to this concern in another argument without providing any supporting authority); *Fassett v. Evans,* 364 S.C. 42, 50 n.5, 610 S.E.2d 841, 846 n.5 (Ct. App. 2005) (holding that even if a one-sentence argument could be construed as raising a separate issue on appeal, it was abandoned for being conclusory and failing to cite any supporting authority).

(6)  We find the trial court did not err in holding Doe's claims were barred by the statute of limitations.  *See Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 336, 340, 534 S.E.2d 672, 680, 682 (2000) (stating a plaintiff must present at the summary judgment stage and at trial independently verifiable, objective evidence that corroborates a repressed memory claim in order to assert the discovery rule); *id.* at 335, 534 S.E.2d at 680 (explaining the requirement of corroborating evidence "appropriately balances the plaintiff[']s interest in pursuing a valid claim and the defendant's interest in being able to defend a stale or false claim); *id.* at 335-36, 534 S.E.2d at 680 (noting reasons for the requirement are "the disagreement among the psychological and medical communities about the validity of repressed memory syndrome, the danger a plaintiff's memories could be faked or implanted during therapy, and the desire that a plaintiff not have the ability to control the running of the statute of limitations solely by allegations whose only support is contained within the plaintiff's mind"); *id.* at 336, 534 S.E.2d at 680 (listing examples of corroborating evidence that may satisfy the objective verifiability requirement as "(1) an admission by the abuser; (2) a criminal conviction; (3) documented medical history of childhood sexual abuse; (4) contemporaneous records or written statements of the abuser, such as diaries or letters; (5) photographs or recordings of the abuse; (6) an objective eyewitness's account; (7) evidence the abuser had sexually abused others; or (8) proof of a chain of facts and circumstances having sufficient probative force to produce a reasonable and probable conclusion that sexual abuse occurred").  In order to avoid application of the statute of limitations, Doe was required to establish independently verifiable, objective evidence to corroborate her repressed memory claim.  We find Doe failed to present evidence that meets the requirements of *Moriarty*.

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**