**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1880**

QBE INSURANCE CORPORATION,

                 Plaintiff – Appellee,

        v.

NICHOLAS BROOK COBB,

                 Defendant – Appellant,

        and

ROBERT JOSEPH CROOKS,

                 Defendant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Timothy M. Cain, District Judge.
(8:14-cv-01937-TMC)

Submitted:  March 29, 2016          Decided:  April 14, 2016

Before DIAZ and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jon E. Newlon, John R. McCravy, III, MCCRAVY, NEWLON & STURKIE
LAW FIRM, PA, Greenwood, South Carolina, for Appellant.
Morgan S. Templeton, Graham P. Powell, WALL, TEMPLETON &
HALDRUP, P.A., Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Crooks, who was employed by Jeco, Inc., moved into an apartment in the building housing Jeco's business to provide some level of security for the business off-hours. While entertaining friends in the apartment, Crooks accidentally shot Nicholas Cobb, seriously injuring him, and Cobb filed suit against Crooks in state court. QBE Insurance Corporation, Jeco's insurer, filed this action seeking a declaratory judgment that it had no duty to defend or to indemnify Crooks in the underlying action. The district court granted summary judgment for QBE, and Cobb appealed. Cobb argues that the district court overlooked genuine disputes of material fact in granting summary judgment and that even absent such disputes, QBE has a duty to defend and indemnify Crooks as a matter of law. We affirm.

We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party. Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 407 (4th Cir. 2015). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the

3

mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Cobb first contends that summary judgment was premature because genuine disputes of material fact pervade this action. We agree with the district court, however, that the factual disputes cited by Cobb are either not genuine or not material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We perceive no factual dispute that precluded entry of summary judgment for QBE.

As to Cobb's claim that the policy provides coverage as a matter of law, insurance policies in South Carolina are subject "to general rules of contract construction, and therefore [courts] must . . . give policy language its plain, ordinary, and popular meaning." Bell v. Progressive Direct Ins. Co., 757 S.E.2d 399, 406 (2014) (internal quotation marks omitted). South Carolina law instructs that "[a]n act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business." Armstrong v. Food Lion, Inc., 639 S.E.2d 50, 52 (S.C. 2006); see S.C. State Budget & Control Bd. v. Prince, 403 S.E.2d 643, 646 (S.C. 1991) (approving use of general workers' compensation and master-servant principles to interpret "course of employment" in insurance context). If, however, "a servant steps aside from the master's business for

4

some purpose wholly disconnected with his employment, the relation of master and servant is temporarily suspended"; "this is so no matter how short the time, and the master is not liable for his acts during such time." Armstrong, 639 S.E.2d at 53.

Here, Crooks' discharge of the firearm was not within the scope of his employment or in performance of a duty related to employment. To conclude otherwise would stretch the insurance policy far beyond its intended coverage, and South Carolina has long held that "courts are not at liberty to adopt some strained or violent interpretation not contemplated by the parties." Long Motor Lines v. Home Fire & Marine Ins. Co. of Cal., 67 S.E.2d 512, 516 (S.C. 1951).

We therefore affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED