**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

TD Bank, N.A., Successor by merger to Carolina First Bank, N.A., Respondent,

v.

Sunil V. Lalla and Sharon W. Lalla, Appellants.

Appellate Case No. 2015-000295

Appeal From Georgetown County
Joe M. Crosby, Master-in-Equity

Unpublished Opinion No. 2016-UP-350
Submitted March 1, 2016 – Filed July 6, 2016
Withdrawn, Substituted and Refiled August 24, 2016

**AFFIRMED**

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Appellants.

Thomas Wm. McGee, III, Allen Mattison Bogan, and Tara C. Sullivan, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:** Dr. Sunil V. Lalla and Sharon W. Lalla appeal the master-in-equity's order and judgment of foreclosure and sale, arguing the master (1) erred in considering issues in the motion to alter or amend judgment that were not brought before the master, (2) erred in granting sale and foreclosure of the property, (3) erred in admitting testimony and evidence, (4) erred in finding the property in question was not the Lallas' primary residence, (5) improperly considered the absence of the Lallas in its order, and (6) erred in pronouncing judgment TD Bank, N.A. did not seek. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. Issues 1 and 5 are not preserved. *See Degenhart v. Knights of Columbus*, 309 S.C. 114, 118, 420 S.E.2d 495, 497 (1992) ("An issue on which the [master] never ruled and which was not raised in post-trial motions is not properly before this [c]ourt.").

2. As to issue 2, we find T.D. Bank, N.A. established the existence of the debt and Sunil's default on that debt. *See U.S. Bank Trust Nat. Ass'n v. Bell*, 385 S.C. 364, 374-75, 684 S.E.2d 199, 205 (Ct. App. 2009) ("Generally, the party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt."); *id.* at 375, 684 S.E.2d at 205 ("Once the debt and default have been established, the mortgagor has the burden of establishing a defense to foreclosure such as lack of consideration, payment, or accord and satisfaction."). Additionally, we find the master did not abuse his discretion in admitting the copy of the note. *See Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 434, 673 S.E.2d 448, 457 (2009) ("The admission of evidence is a matter left to the discretion of the [master] and will not be disturbed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support.").

3. We find the master did not abuse his discretion in admitting evidence of Sunil's loan payment history and testimony from T.D. Bank N.A.'s employee. *See Historic Charleston Holdings*, 381 S.C. at 434, 673 S.E.2d at 457 ("The admission of evidence is a matter left to the discretion of the [master] and will not be disturbed on appeal absent an abuse of discretion." ); *Rawlinson Rd. Homeowners Ass'n, Inc. v. Jackson*, 395 S.C. 25, 36, 716 S.E.2d 337, 344 (Ct. App. 2011) ("Generally, the admission or exclusion of testimony is a matter within the [master's] sound discretion and will not be disturbed on appeal absent an abuse of that discretion."); *id.* at 37, 716 S.E.2d at 344 ("An abuse of discretion occurs when

the [master's] decision is unsupported by the evidence or controlled by an error of law.").

4.  As to issue 4, we find the Lallas did not raise the issue of TARP funds to the master. *See Degenhart v. Knights of Columbus*, 309 S.C. 114, 118, 420 S.E.2d 495, 497 (1992) ("An issue on which the [master] never ruled and which was not raised in post-trial motions is not properly before this [c]ourt."). As to whether the master erred in finding the mortgaged property was not the Lallas' primary residence, we note that Sunil stated in his affidavit that the mortgaged property is a second residence.

5.  As to issue 6, we find the issue regarding the deficiency judgment against Sharon moot. *See Byrd v. Irmo High School*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("This [c]ourt will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."); *id. (*"Mootness has been defined as follows: 'A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief.'" (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))). Additionally, we find T.D. Bank, N.A. in its complaint, reserved its right to a deficiency judgment and it asserted that right at the foreclosure hearing; thus, the master did not err in finding T.D. Bank, N.A. was entitled to a deficiency judgment. *See Perpetual Bldg. & Loan Ass'n of Anderson v. Braun*, 270 S.C. 338, 343, 242 S.E.2d 407, 409 (1978) (finding a deficiency judgment may be denied only when the right to a deficiency judgment has been expressly waived); *Bartles v. Livingston*, 282 S.C. 448, 461, 319 S.E.2d 707, 715 (Ct. App. 1984) ("Absent grounds to set aside the decree of foreclosure, there is no discretion to cut off the right to a deficiency after sale where (1) the complaint in the foreclosure action asks for personal judgment, (2) the amount of the debt is fixed in the foreclosure decree, and (3) the sale is insufficient to satisfy the entire debt. At most, the court may, as it did in this case, defer the granting of personal judgment until a deficiency actually results from the sale.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.