**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin Watkins, Appellant,

v.

Jason Hall, Jr., Jason Hall, Sr., Martha Hall, and J.S. Hall, Inc., Defendants,

Of Which J.S. Hall, Inc. is the Respondent.

Appellate Case No. 2015-001720

———————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-298
Heard April 18, 2017 – Filed July 19, 2017

———————

**AFFIRMED IN PART, REVERSED IN PART**

———————

Joshua Thomas Hawkins, of The J.T. Hawkins Law Firm, LLC, of Greenville, for Appellant.

Courtney Celeste Atkinson, of Metcalfe & Atkinson, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** Kevin Watkins appeals the circuit court's order granting J.S. Hall, Inc.'s (Hall, Inc.'s) motion to dismiss for failure to state a claim. Watkins

argues the circuit court erred in granting Hall, Inc.'s motion because (1) the pleadings state Jason Hall, Jr. (Hall, Jr.) acted in his capacity as an employee of Hall, Inc. when he shot Watkins, (2) Watkins adequately pled negligent hiring and supervision, and (3) Rule 8, SCRCP, should have been applied to determine the sufficiency of the pleadings and not Rule 23, SCRCP. We affirm in part and reverse in part.

A complaint must contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Rule 8, SCRCP. A circuit court must deny a motion to dismiss under Rule 12(b)(6) "if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case." *Flateau v. Harrelson*, 355 S.C. 197, 203, 584 S.E.2d 413, 415 (Ct. App. 2003). "The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007). In its review of a circuit court's dismissal of an action under Rule 12(b)(6), SCRCP, the appellate court applies the same standard as the circuit court—"whether the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings." *Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176, 758 S.E.2d 501, 503 (2014).

We find the circuit court erred in dismissing Watkins's claim for vicarious liability. Under the doctrine of respondeat superior, an employer is vicariously liable for injuries to a third party resulting from torts its employee commits within the scope of employment. *Froneburger v. Smith*, 406 S.C. 37, 52, 748 S.E.2d 625, 633 (Ct. App. 2013). A plaintiff seeking recovery from an employer under a theory of respondeat superior must establish that the employment relationship existed at the time of the injuries and the employee was acting within the scope of employment. *Armstrong v. Food Lion*, 371 S.C. 271, 276, 639 S.E.2d 50, 52 (2006). In his complaint, Watkins alleged Hall, Jr. shot Watkins several times as he walked in front of the home in which Hall, Jr. resided. Further, Watkins made several allegations regarding an employer-employee relationship between Hall, Jr. and Hall, Inc., including that "Hall, Jr. acted within his capacity as caretaker [for] the property owned by one or more of the defendants and Hall, Sr., Hall, Inc.[,] and Martha Hall acted vicariously through Hall, Jr." Accordingly, we believe the circuit court erred in dismissing Watkins's claim for vicarious liability because when viewed in the light most favorable to Watkins, the complaint stated sufficient facts from which a court could reasonably deduce that Hall, Jr. was acting within the scope of his employment and in furtherance of Hall, Inc.'s business when he shot Watkins. *See Plyler*, 373 S.C. at 645, 647 S.E.2d at 192 ("The question is

whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief."); *Armstrong*, 371 S.C. at 276, 639 S.E.2d at 52 (providing to state a claim for vicarious liability, a plaintiff must establish that the employment relationship existed at the time of the injuries and the employee was acting within the scope of employment).

However, we find the circuit court properly dismissed Watkins's claim for negligent hiring and supervision because Watkins failed to sufficiently allege one or more elements of both claims. An employer can be liable for negligent hiring and supervision when the "employer knew or should have known that employing a specific person created an undue risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 632, 661 S.E.2d 329, 331 (2008). "Negligent hiring cases 'generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties.'" *Kase v. Ebert*, 392 S.C. 57, 64, 707 S.E.2d, 456, 459 (Ct. App. 2011) (quoting *Doe v. ATC, Inc.*, 367 S.C. 199, 206, 624 S.E.2d 447, 450 (Ct. App. 2005)). Under a theory of negligent supervision, an employer can be liable for its employee's intentional acts while on the employer's premises or using the employer's chattel when the employer knew or had reason to know of its ability to control the employee and the necessity and opportunity for exercising such control. *Degenhart v. Knights of Columbus*, 309 S.C. 114, 117, 420 S.E.2d 495, 497 (1992). In his complaint, Watkins alleged Hall, Inc. knew or should have known of Hall, Jr.'s dangerous propensities. However, Watkins failed to make any factual allegations regarding Hall, Jr.'s alleged dangerous propensity. Without any factual allegations about Hall, Jr.'s dangerous propensity, there is no information from which the court could reasonably deduce that Hall, Inc. knew or should have known about Hall, Jr.'s dangerous propensities. *See Flateau*, 355 S.C. at 203, 584 S.E.2d at 415 (providing a circuit court must deny a motion to dismiss under Rule 12(b)(6) "if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case"). Therefore, we hold Watkins failed to sufficiently state a claim for both negligent hiring, which requires knowledge of dangerous propensity, and negligent supervision, which requires an employer's knowledge of the necessity to supervise the employee. *See Kase*, 392 S.C. at 64, 707 S.E.2d at 459 ("Negligent hiring cases 'generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties.'" (quoting *Doe*, 367 S.C. at 206, 624 S.E.2d at 450)); *Degenhart*, 309 S.C. at 117, 420 S.E.2d at 497 (providing an employer may be liable for negligent supervision if he knew or had reason to know of "the necessity and opportunity" for exercising control over his employee). Accordingly, we affirm the circuit court's dismissal of this claim.

Finally, we find Watkins's argument that the circuit court erred by applying Rule 23, SCRCP, is not preserved for appellate review. During the circuit court's hearing on the motion to dismiss, Watkins noted Hall, Inc. cited to *Carolina First Corporation v. Whittle*, 343 S.C. 176, 539 S.E.2d 402 (Ct. App. 2000), a shareholder derivative action governed by Rule 23, SCRCP, in support of its motion to dismiss. Watkins explained Rule 23, SCRCP, contains pleading requirements that differ from the pleading requirements found in Rule 8, SCRCP. However, the circuit court did not acknowledge this argument at the hearing. Thereafter, the circuit court granted Hall, Inc.'s motion to dismiss using a Form 4 order, without any indication the ruling was based on Rule 23, SCRCP. Subsequently, Watkins filed a Rule 59(e) motion; however, he did not argue in his Rule 59(e) motion that the circuit court improperly relied on Rule 23, SCRCP. Therefore, because the issue was not ruled on, the issue has not been preserved for appellate review. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779 (2004) (providing an issue not ruled upon by the circuit court is not preserved for appellate review).

In conclusion, we find the circuit court did not err in dismissing Watkins's claim for negligent hiring and supervision because Watkins failed to state a claim for relief. However, we find the circuit court erred in dismissing Watkins's claim for vicarious liability and remand for further proceedings on this claim. Thus, the circuit court's order is

**AFFIRMED IN PART AND REVERSED IN PART.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**