21902

The STATE, Respondent, v. Arthur Edward SUTTLES and Bobby Morgan, Appellants.

(302 S. E. (2d) 338)

*Asst. Appellate Defenders William Isaac Diggs* and *Elizabeth C. Fullwood of S. C. Com'n of Appellate Defense*, Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Martha L. McElveen*, Columbia, *for respondent.*

April 19, 1983.

NESS, Justice.

Appellants were indicted for burglary and pleaded guilty to housebreaking. They now contend housebreaking is not a lesser included offense of burglary, and thus they pleaded guilty to an offense for which they were neither indicted nor waived presentment. See *Summerall v. State*, S. C., 294 S. E. (2d) 344 (1982) and *State v. Martin*, S. C., 294 S. E. (2d) 345 (1982). We disagree and affirm.

The test for determining when a crime is a lesser included offense of the crime charged is whether the greater of the two offenses includes all the elements of the lesser offense. *State v. Fennell*, 263 S. C. 216, 209 S. E. (2d) 433 (1974).

In *State v. Brooks*, 277 S. C. 111, 283 S. E. (2d) 830 (1981), we defined burglary as the breaking and entering of a dwelling house of another in the nighttime with intent to commit a crime therein. The legislature has defined housebreaking similarly, except that the offense is committed in the daytime.

We believe the legislature, by using the word "daytime," did not intend to require specific proof that the offense was committed in the daytime, but rather intended the statute to cover situations where the state cannot prove the offense was committed at night. Otherwise, instances might arise wherein the State could prove a breaking and entering of a dwelling house with intent to commit a crime on a certain date, but could not pinpoint the time of the offense, and therefore could not charge the suspect with either crime. We do not think the legislature intended such a result.

We hold housebreaking is a lesser included offense of burglary. Thus, a defendant can properly plead guilty to housebreaking under a burglary indictment. *State v. Hiott*, 276 S. C. 72, 276 S. E. (2d) 163 (1981).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.