### 2206

The STATE, Respondent v. Elton CROSS, Appellant.

(448 S.E. (2d) 569)

Court of Appeals

*Chief Atty. Daniel T. Stacey,* of *SC Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. William Edgar Salter, III,* Columbia, and *Sol. David P. Schwacke,* North Charleston, *for respondent.*

Heard May 10, 1994; Decided July 18, 1994.

Am. and Ref. on Den. of Reh. Aug. 31, 1994; Reh. Den. af. Op. Ref. Oct. 6, 1994.

CONNOR, Judge:

The defendant was indicted for one count of kidnapping, two counts of criminal sexual conduct first degree, and two counts of burglary first degree. The jury convicted him on both counts of burglary first degree and acquitted him on the other charges. The defendant appeals. We affirm.

There was evidence from which the jury could have found the following: The defendant and victim had a dating relationship which the victim ended shortly before the incidents involved in this case. On two different nights in June 1991, the defendant entered the victim's home and had intercourse while holding a knife on her. On June 13, he took some of her personal belongings. On June 18, he came into the victim's home by cutting a hole in the sheetrock in her garage. He then forced her to accompany him to Myrtle Beach. As noted, the jury acquitted the defendant of kidnapping and both counts of criminal sexual conduct.

I.

The defendant first asserts the court erred in refusing to charge common-law or statutory trespass as a lesser included offense of burglary.

First-degree burglary requires the entry of a dwelling without consent with the intent to commit a crime therein, as well as the existence of an aggravating circumstance. S.C. Code Ann. § 16-11-311 (Supp. 1993). Statutory criminal trespass involves either (1) the entry of a dwelling house, place of business or the premises of another within six months after being warned against such entry or (2) the failure to leave a dwelling house, place of business or premises of another after having been requested to leave. S.C. Code Ann. § 16-11-620 (1976).

An indictment will sustain a conviction for a lesser offense if the lesser offense is included within the greater charged offense. *State v. Fennell,* 263 S.C. 216, 209 S.E. (2d) 433 (1974). The test for determining when a crime is a lesser included offense of the crime charged is whether the

greater offense includes all the elements of the lesser offense. *State v. Suttles*, 279 S.C. 87, 302 S.E. (2d) 338 (1983). If the lesser offense includes an element not included in the greater offense, then the lesser offense in not included in the greater. *Id.*

We conclude statutory trespass is not a lesser included offense of first-degree burglary. Burglary in the first degree applies only to a dwelling. Statutory trespass requires a prior warning against entry or a request to leave. Burglary does not require these elements. Therefore, there was no error in the failure to charge statutory trespass.

Appellant further contends that common-law trespass is a lesser included offense of burglary and the trial judge erred in refusing to charge the jury on common-law trespass. Common law criminal trespass requires either a willful malicious injury or entry after notice. *State v. Bradley*, 126 S.C. 528, 120 S.E. 240 (1923). Because common-law criminal trespass includes proof of elements not included in burglary, it is not a lesser included offense. There was no error in the failure to charge statutory trespass.

## II.

The defendant also asserts the court erred in admitting the hearsay testimony of an examining physician concerning the history the victim gave of the alleged rape on June 18. In the history, the victim identified the defendant as the perpetrator of the rape. We find no error.

The victim testified on direct and cross-examination about the details of the alleged crimes. The physician who performed the rape protocol testified for the State. Cross's attorney objected to the history received by the physician on the ground of relevance. The court overruled the objection and admitted the testimony.

Admitting this testimony was harmless. The investigating officer had already testified the victim had identified the defendant. There was no objection to this testimony. Further, even though the defendant testified the sexual acts were consensual, he agreed he had been to the victim's home. Therefore, any testimony from the physician about the defendant's identity was cumulative. *State v. Brown*, 286 S.C. 445, 334 S.E. (2d) 816 (1985).

Affirmed.

HOWELL, C.J., and GOOLSBY, J., concur.

### ORDER DENYING PETITION FOR REHEARING

*Per Curiam:*

After careful consideration of the Petition for Rehearing, we order the following two paragraphs be inserted at the end of Part I. of the opinion in place of the final paragraph of that section: [Editor's Note: Amendments incorporated for purposes of publication].

It is, therefore, ordered that the Petition for Rehearing be denied and the opinion amended as set out above.

AND IT IS SO ORDERED.

(s) <u>William T. Howell</u>, C.J.
(s) <u>C. Tolbert Goolsby, Jr.</u>, J.
(s) <u>Carol Connor</u>, J.

Columbia, South Carolina
<u>August 31</u>, 1994