623 S.E.2d 656

**Timothy JACKSON, Appellant,**

v.

**CITY OF ABBEVILLE, Riley's BP, and
Angela McCurry, Defendants,**

**of whom City of Abbeville is Respondent.**

. **No. 4056.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2005.

Decided Dec. 12, 2005.

Fletcher N. Smith, Jr., of Greenville, for Appellant.

James D. Jolly, Jr., of Anderson, for Respondent.

KITTREDGE, J.:

This is a civil action brought under the South Carolina Tort Claims Act for violation of the state constitution, malicious prosecution and false arrest. Timothy Jackson appeals from an order of the circuit court granting the City of Abbeville's (City) motion for summary judgment and denying Jackson's motion for summary judgment. At issue is whether a City police officer had probable cause to arrest Jackson at a convenience store in Abbeville on February 22, 1999. We hold the officer had probable cause to arrest Jackson and affirm.

## FACTS

On February, 22, 1999, Jackson entered Riley's BP, a convenience store located in Abbeville, South Carolina, and asked the attendant whether he could put up a flyer in the store for a party he was having at his club. The attendant said he could not. A video surveillance tape from the store indicates that Jackson became enraged, accusing the attendant of racism. She asked Jackson to leave the premises. Jackson refused to leave, and the attendant called the police.

When the officer arrived, Jackson repeatedly interrupted the officer while he was attempting to find out what happened from the attendant. The officer told Jackson to be quiet several times, but Jackson refused to do so. The attendant again told Jackson to leave the premises. When Jackson refused to leave, the officer put Jackson on trespass notice. Jackson continued to interrupt. The officer told Jackson to be quiet or he would be arrested. Jackson ignored the officer's repeated demands, and the officer attempted to place him under arrest. A scuffle ensued as Jackson resisted and backup was summoned to effect the arrest.

After being arrested and taken to jail, Jackson was charged with disorderly conduct and resisting arrest. Jackson was not

charged with trespass after notice. The municipal judge dismissed the charges.[1]

Jackson sued the City of Abbeville[2] under the South Carolina Tort Claims Act[3] for: (1) violation of the South Carolina Constitution, (2) malicious prosecution, and (3) false arrest. Both sides moved for summary judgment. After a hearing, the circuit court granted the City's motion for summary judgment and denied Jackson's motion. This appeal followed.

## STANDARD OF REVIEW

Under Rule 56, SCRCP, a party is entitled to a judgment as a matter of law if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. "Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the conclusions and inferences to be drawn from the facts are undisputed." *McClanahan v. Richland County Council*, 350 S.C. 433, 437, 567 S.E.2d 240, 242 (2002).

## LAW/ANALYSIS

An essential element in each of Jackson's causes of action is the lack of probable cause to arrest him.[4] The dispositive issue before us is whether the "probable cause to

---

1. The record is not clear as to the basis of the dismissal of the charges in municipal court. According to the City's brief, the disorderly conduct charge was dismissed because Jackson's "actions did not rise to the level of 'fighting words' as required by *Houston v. Hill*, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) and *State v. Perkins*, 306 S.C. 353, 412 S.E.2d 385 (1991)." The resisting arrest charge was also dismissed, apparently on the belief that the dismissal of the underlying charge precluded a stand-alone prosecution for resisting arrest. The present uncertainty as to the reasons why the charges against Jackson were dismissed does not impact this appeal, because the City—for purposes of its summary judgment motion—assumed a lack of probable cause concerning the charged offenses.

2. Riley's BP and Angela McCurry have been dismissed from the case.

3. S.C.Code Ann. §§ 15–78–10 to –200 (2005).

4. Jackson predicated his constitutional violation claim on the lack of probable cause. His false imprisonment claim also requires lack of probable cause. *See Gist v. Berkeley County Sheriff's Dep't*, 336 S.C.

arrest" determination is confined to the actual charges or whether consideration of an uncharged offense is appropriate. The City concedes for purposes of this appeal the absence of probable cause to arrest Jackson for disorderly conduct and the related offense of resisting arrest. The City contends, however, that it may—to defeat Jackson's claims—properly rely on the presence of probable cause in connection with an uncharged offense. We hold that the determination of "probable cause to arrest" for the purpose of Jackson's tort claims may properly include consideration of an uncharged offense.

The uncharged offense for which the City asserts probable cause existed is trespass after notice. Trespass after notice is a misdemeanor criminal offense prohibited by section 16–11–620 of the South Carolina Code (Supp.1998). "Statutory criminal trespass involves . . . the failure to leave a dwelling house, place of business or premises of another after having been requested to leave." *State v. Cross*, 323 S.C. 41, 43, 448 S.E.2d 569, 570 (Ct.App.1994). The City has an ordinance patterned after section 16–11–620. A police officer may, without a warrant, arrest a person who commits trespass after notice— or any misdemeanor—in the officer's presence. *See* S.C.Code Ann. § 17–13–30 (1985); *State v. Mims*, 263 S.C. 45, 208 S.E.2d 288 (1974).

Jackson has the burden of demonstrating lack of probable cause. *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 322, 143 S.E.2d 607, 609 (1965). Probable cause turns not on the individual's actual guilt or innocence, but on whether facts within the officer's knowledge would lead a reasonable person to believe the individual arrested was guilty of a crime. *State v. George*, 323 S.C. 496, 509, 476 S.E.2d 903, 911 (1996); *Deaton v. Leath*, 279 S.C. 82, 84, 302 S.E.2d 335, 336 (1983). " 'Probable cause' is defined as a good faith belief that a

611, 615, 521 S.E.2d 163, 165 (Ct.App.1999) ("An action for false imprisonment may not be maintained where the plaintiff was arrested by lawful authority . . . [and][t]he fundamental issue in determining the lawfulness of an arrest is whether there was 'probable cause' to make the arrest."). Finally, a malicious prosecution action fails if the plaintiff cannot show malice and lack of probable cause. *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 322, 143 S.E.2d 607, 609 (1965); *see also Gaar v. North Myrtle Beach Realty Co., Inc.*, 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct.App.1986) (listing the elements of malicious prosecution, including "want of probable cause").

person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise." *Jones v. City of Columbia,* 301 S.C. 62, 65, 389 S.E.2d 662, 663 (1990). Probable cause is determined as of the time of the arrest, based on facts and circumstances—objectively measured— known to the arresting officer. The determination of probable cause is not an academic exercise in hindsight. *George,* 323 S.C. at 509, 476 S.E.2d at 911; *Eaves v. Broad River Elec. Co-op., Inc.,* 277 S.C. 475, 478, 289 S.E.2d 414, 415–16 (1982); *State v. Goodwin,* 351 S.C. 105, 110, 567 S.E.2d 912, 914 (Ct.App.2002); *State v. Robinson,* 335 S.C. 620, 634, 518 S.E.2d 269, 276–77 (Ct.App.1999); 5 Am.Jur.2d *Arrest* § 40; 6A C.J.S. *Arrest* § 25 (2004). "[E]venhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Horton v. California,* 496 U.S. 128, 138, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).

Concerning the narrow issue before us, we find no South Carolina case directly on point, but we find the reasoning of three cases persuasive.

The first case is *State v. Tyndall,* 336 S.C. 8, 518 S.E.2d 278 (Ct.App.1999). There, police officers responded to a call and found an "escalating altercation" between Tyndall and his father. *Id.* at 12, 518 S.E.2d at 280. The father asked Tyndall to leave the house. *Id.* The officers told Tyndall that if he did not comply he would be arrested for trespass after notice. *Id.* at 12–13, 518 S.E.2d at 280. Tyndall refused to leave, and when the officers attempted to arrest him, he became belligerent and attacked the officers. *Id.* at 13, 518 S.E.2d at 280. Tyndall was charged with multiple offenses, but not trespass after notice. He was convicted of two counts of assault and battery with intent to kill and resisting arrest.

Tyndall appealed from the trial court's refusal to dismiss the resisting arrest charge because "he was never arrested or prosecuted for trespass after notice...." *Tyndall,* 336 S.C. at 14, 518 S.E.2d at 281. His specific contention was "that[ ] because no judicial determination was made as to the officers' probable cause to arrest him for trespass after notice, 'the actions taken by the officers were absent probable cause....'" *Id.* at 15, 518 S.E.2d at 282. This court rejected

Tyndall's argument and found as a matter of law the existence of probable cause to arrest for the uncharged offense of trespass after notice: "Because Tyndall committed this crime [trespass after notice in violation of section 16–11–620] in the presence of the police officers, they had the power and authority to arrest Tyndall without a warrant. There was no requirement for a judicial determination as to probable cause to arrest for trespass after notice." *Id.* at 16, 518 S.E.2d at 282.

The second case is *Ruff v. Eckerds Drugs, Inc.,* 265 S.C. 563, 220 S.E.2d 649 (1975). Ruff was approached while leaving an Eckerds Drug Store by the store's manager and accused of shoplifting. An altercation occurred when the manager attempted to make a citizen's arrest. *Id.* at 566, 220 S.E.2d at 650. Ruff was charged with simple assault and disorderly conduct. He was convicted on the assault charge, but the disorderly conduct charge was dismissed. Because of the dismissal, Ruff filed an action for malicious prosecution. *Id.* Ruff prevailed at trial, but lost on appeal. Our supreme court's analysis in rejecting Ruff's claim has application in the case before us.

The salient portions of the *Ruff* analysis include the observation that one "may not maintain an action for malicious prosecution because he was charged with the wrong offense." *Id.* at 567, 220 S.E.2d at 651. The court further noted:

The fact [Ruff] was discharged by the magistrate on the charge of disorderly conduct is not conclusive on the question of probable cause; that is, if it appears affirmatively from the facts [that Ruff] was guilty of a misdemeanor, although one which contains different elements, there still would not be an absence of probable cause.

*Id.* at 568, 220 S.E.2d at 651.

The court concluded by finding that the drugstore manager was "in possession of knowledge of the existence of such facts and circumstances as would excite the belief in a reasonable mind that [Ruff] had committed a crime." *Id.* at 568, 220 S.E.2d at 652.

The third case is *State v. Freiburger,* Op. No. 26042, 366 S.C. 125, 620 S.E.2d 737 (2005). Freiburger was hitchhiking when he was stopped by a Tennessee state trooper. The trooper patted Freiburger down prior to placing him in the

patrol car. The pat-down yielded a pistol, and Freiburger was arrested for "carrying arms," but not hitchhiking. *Id.* at 130, 620 S.E.2d at 739. The pistol was traced to a homicide in Columbia, South Carolina. *Id.* at 130–31, 620 S.E.2d at 739–40.

At the murder trial in South Carolina, Freiburger unsuccessfully challenged the admissibility of the pistol seized in Tennessee—the murder weapon—on several grounds. The relevant ground for our purposes is Freiburger's claim that search was illegal because he was not charged with hitchhiking, and hence probable cause was lacking. Our supreme court rejected this argument, noting that "the fact Freiburger was not ultimately arrested for hitchhiking is not dispositive." *Id.* at 133, 620 S.E.2d at 741. The *Freiburger* court held that "an officer's 'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause....'" *Id.* (quoting *Devenpeck v. Alford,* 543 U.S. 146, 125 S.Ct. 588, 594, 160 L.Ed.2d 537 (2004) (repeating the settled principle that "'the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action'"); *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (*quoted in Devenpeck*)).

We find the reasoning in *Tyndall; Ruff* and *Freiburger* leads to the conclusion that the State may rely on an uncharged offense to establish probable cause. We believe this legal principle applies in a false imprisonment or malicious prosecution claim and holds true here although Jackson was not convicted of a crime. As previously noted, in the context of a tort action, Jackson has the burden of proving lack of probable cause. Although there was no finding of probable cause—as to the offense of trespass after notice—in the underlying criminal case, such a judicial determination is not required. *Tyndall,* 336 S.C. at 16, 518 S.E.2d at 282.

■■ We now turn to the factual question presented—did the police officer have probable cause to arrest Jackson for the offense of trespass after notice? Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields

but one conclusion. *Parrott,* 246 S.C. at 323, 143 S.E.2d at 609. We have carefully reviewed the record in the light most favorable to Jackson and conclude that, as a matter of law, the facts known to the officer "would induce an ordinarily prudent and cautious man, under the circumstances, to believe" that Jackson had committed the offense of trespass after notice. *Jones,* 301 S.C. at 65, 389 S.E.2d at 663. Jackson was put on notice to leave the premises, and he refused to do so. The fact that Jackson was not charged with trespass after notice is immaterial. Since the law sanctions the City's reliance on the uncharged offense of trespass after notice—and concomitantly the presence of probable cause—the circuit court properly granted summary judgment to the City.

### CONCLUSION

We hold, to the exacting summary judgment standard, that the City police officer had probable cause to arrest Jackson for trespass after notice, an uncharged offense. We further hold that the City's reliance on the uncharged offense is sufficient to defeat Jackson's claims. Thus, summary judgment was properly granted for the City on all causes of action.[5]

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.

---

5. We need not address the City's alternative basis for disposing of the malicious prosecution claim.