THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Nelson Padgett, Appellant,
 v.
 City of Greenwood, County of
 Greenwood, and Jeremiah Atkins, individual and as an employee of the City of
 Greenwood, Defendants,
 of whom City of Greenwood is the Respondent.
 
 
 

Appeal from Greenwood County
 J. Ernest Kinard, Jr., Circuit Court Judge
Unpublished Opinion No. 2009-UP-483
Heard September 2, 2009  Filed October 15, 2009    
AFFIRMED

 
 
 
 Charles Edward Johnson, of Columbia, for Appellant.
 C. Edward Rawl, Jr., and Weston Adams, III, both of
 Columbia, for Respondent.
 
 
 

PER
 CURIAM: Nelson Padgett appeals the circuit court's order granting summary
 judgment in favor of the City of Greenwood (City).  We affirm.
FACTS AND PROCEDURAL
 HISTORY
Nelson
 Padgett was arrested and indicted for two counts of armed robbery and possession
 of a weapon during the commission of a violent crime.  Rhonda Thomas, a
 victim who identified Nelson Padgett from a photo lineup, testified at trial. 
Thomas stated that on the night of the robbery, she and
 Martez Irvin were traveling on a moped when they were approached by a tan
 Nissan Altima.  A passenger in the Altima held a gun out of the window
 and told Thomas and Irvin to pull over to the side of the road.  Thomas and
 Irvin drove to a nearby house and ran to the porch.  Three men exited the Altima.
  One of the men took the moped, and the others confronted Thomas and Irvin.  The
 man who pointed the gun out of the window held the gun to the back of Thomas's
 head and ordered her to disrobe.  The men also told Irvin to take off his
 clothes.  The assailants subsequently left in their vehicle, taking Thomas's
 pocketbook and ring. 
Thomas and Irvin hurried to an apartment complex,
 approached a police officer, and told the officer about the robbery.  Two
 days later, a detective from the City of Greenwood Police Department (Police
 Department) contacted Thomas and asked her to come to the police station to
 review a photo lineup.  Thomas identified Nelson Padgett as one of the
 perpetrators.  She stated she was "very positive" about her
 identification.  She identified Nelson Padgett as the person who held the gun
 to her head and ordered her to remove her clothes.  
Detective Jeremiah Atkins, a police officer who developed Nelson
 Padgett as a suspect, also testified at trial.  During direct examination, counsel
 for the State asked Atkins how he developed Nelson Padgett as a suspect.  Atkins
 explained that Travis Kemp, a victim of a second robbery, identified Samuel
 Padgett as a perpetrator.  Atkins then interviewed Samuel Padgett's girlfriend,
 Brandi Wells, and her mother, Vickie Williams.  Wells and Williams stated
 Samuel Padgett and three other men visited their residence the night of the
 robberies.  Either Williams or Wells identified one of the men as Samuel
 Padgett's cousin, "Ned" or "Nelson."  Based on their
 statements, Atkins called the Saluda Police Department and discovered that a
 "Nelson Padgett" lived in Saluda.  Atkins obtained a picture of Nelson
 Padgett from the South Carolina Law Enforcement Division and used the picture
 in the photo lineup.  After Thomas identified Nelson Padgett in the
 photo lineup, Atkins obtained a warrant for his arrest.
Williams testified for the defense.  She stated she never
 told Atkins "Ned" or "Nelson" accompanied Samuel Padgett on
 the night of the robberies.  She added she never mentioned the name
 "Nelson," and she does not know a person named "Ned." 
Ultimately, a jury found Nelson Padgett not guilty of the
 criminal charges.  He subsequently filed this case against the City, the County
 of Greenwood, and Atkins, alleging various state and federal causes of action. 
 He later dismissed all causes of action against the County of Greenwood and
 Atkins, leaving only an action for false imprisonment against the City.  The
 circuit court granted the City summary judgment and this appeal followed.
LAW / ANALYSIS
Nelson Padgett
 argues the circuit court erred in granting the City's motion for summary
 judgment because there was a genuine issue of material fact as to whether his
 arrest was supported by probable cause.  Specifically, he argues only one
 victim identified him from the photo lineup.  He also notes testimony was
 conflicting regarding whether Williams told Atkins she saw Samuel Padgett with
 "Ned" or "Nelson" on the night of the robberies.  We
 disagree. 
In reviewing the grant of a summary judgment motion, this court
 applies the same standard that governs the trial court under Rule 56(c), SCRCP.  Englert, Inc. v. Netherlands Ins. Co., 315 S.C. 300, 302, 433 S.E.2d
 871, 873 (Ct. App. 1993).  Pursuant to Rule 56(c), a party is entitled to a
 judgment as a matter of law if the pleadings, depositions, answers to
 interrogatories, and admissions on file, together with the affidavits, if any,
 show there is no genuine issue as to any material fact.   In determining
 whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences that
 can be reasonably drawn from the evidence must be viewed in the light most
 favorable to the nonmoving party.  Law v. S.C. Dep't of Corr., 368 S.C.
 424, 434, 629 S.E.2d 642, 648 (2006).
False imprisonment is "a deprivation of a person's
 liberty without justification."  Caldwell v. K-Mart Corp., 306 S.C.
 27, 30, 410 S.E.2d 21, 23 (Ct. App. 1991).  An action for false imprisonment
 may not be maintained when the plaintiff was arrested by lawful authority.  Gist
 v. Berkeley County Sheriff's Dep't, 336 S.C. 611, 615, 521 S.E.2d 163, 165
 (Ct. App. 1999).
The
 fundamental issue in determining the lawfulness of an arrest
 is whether the officer had "probable cause" to make the arrest.  Id.  The arrestee has the burden of demonstrating a lack of probable cause.  Jackson v. City of Abbeville,
 366 S.C. 662, 666, 623 S.E.2d 656, 658 (Ct. App. 2005).  "Probable
 cause turns not on the individual's actual guilt or innocence, but on whether
 facts within the officer's knowledge would lead a reasonable person to believe
 the individual arrested was guilty of a crime."  Id.  Although the question of whether probable cause
 exists is ordinarily a jury question, it may be decided as a matter of law when
 the evidence yields but one conclusion.  Parrott v. Plowden Motor Co.,
 246 S.C. 318, 323, 143 S.E.2d 607, 609 (1965).
An
 eyewitness identification constitutes sufficient probable cause "unless . .
 . there is an apparent reason for the officer to believe that the eyewitness 'was
 lying, did not accurately describe what he had seen, or was in some fashion
 mistaken regarding his recollection of the confrontation.''' Ahlers v. Schebil, 188 F.3d 365, 370 (6th Cir. 1999)
 (internal citations omitted); see also Torchinsky v. Siwinski, 942
 F.2d 257, 262 (4th Cir. 1991) ([I]t is difficult to imagine how a police
 officer could obtain better evidence of probable cause than an identification .
 . . by a victim, unless, perchance, the officer were to witness the crime
 himself.").
Here,
 Atkins obtained an arrest warrant after Thomas, a victim, identified Nelson Padgett
 from a photo lineup.  This identification alone provided sufficient evidence of
 probable cause unless Atkins had reason to believe Thomas was lying, did not
 accurately describe what she witnessed, or was mistaken regarding her recollection
 of the robbery.  Here, the record contains  no evidence of Thomas's
 unreliability.  In fact, Thomas testified she was "very positive" Nelson
 Padgett was the man who robbed her.  
Nelson Padgett's
 contention that testimony conflicted as to whether Williams told Atkins she saw
 Samuel Padgett with "Ned" or "Nelson" on the night of the
 robberies is without merit.  The record reflects the testimony was not
 inconsistent.  Atkins testified either Williams or Wells stated "Ned"
 or "Nelson" was with Samuel Padgett on the night of the robberies. 
 He added, "I know [Wells] for sure said Nelson." 
AFFIRMED.[1]
KONDUROS and LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] The City also argues it is immune from liability
 under the South Carolina Tort Claims Act.  Because we are affirming on other
 grounds, we do not address this issue.  Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an
 appellate court need not review remaining issues when its determination of a
 prior issue is dispositive of the appeal).