**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin Lamar Howard, Appellant.

Appellate Case No. 2014-000682

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-474
Submitted October 1, 2016 – Filed November 9, 2016

———————

**VACATED IN PART AND AFFIRMED IN PART**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:**  Kevin Lamar Howard appeals his thirty-year sentence for kidnapping and his first-degree burglary conviction, arguing the trial court erred by (1) sentencing him for kidnapping when he was also sentenced for the murder of the same victim and (2) refusing to direct a verdict on the burglary charge.  We vacate Howard's sentence for kidnapping and affirm his convictions pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in sentencing Howard for kidnapping: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); S.C. Code Ann. § 16-3-910 (2015) (providing for imprisonment of a defendant convicted of kidnapping "for a period not to exceed thirty years unless sentenced for murder as provided in [s]ection 16-3-20 [of the South Carolina Code (2015)]"); *State v. Bonner*, 400 S.C. 561, 565, 567, 735 S.E.2d 525, 527-28 (Ct. App. 2012) (finding, although the issue was not preserved, an exceptional circumstance existed to vacate an erroneous sentence because "the State concede[d] in its brief that the trial court committed error by imposing an improper sentence"); *State v. Vick*, 384 S.C. 189, 202-03, 682 S.E.2d 275, 282 (Ct. App. 2009) (vacating a sentence for kidnapping pursuant to section 16-3-910 because the defendant received a concurrent sentence for murder and reaching the issue, even though not challenged at trial, in the interest of judicial economy).

2. As to whether the trial court erred in denying Howard's motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this c]ourt must find the case was properly submitted to the jury."); *State v. Pearson*, 415 S.C. 463, 473, 783 S.E.2d 802, 807 (2016) ("[I]n ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt." (quoting *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016))); *State v. Cross*, 323 S.C. 41, 43, 448 S.E.2d 569, 570 (Ct. App. 1994) ("First degree burglary requires the entry of a dwelling without consent with the intent to commit a crime therein, as well as the existence of an aggravating circumstance."); S.C. Code Ann. § 16-11-310 (2015) ("'Enters a building without consent' means: (a) [t]o enter a building without the consent of the person in lawful possession; or (b) [t]o enter a building by using deception, artifice,

trick, or misrepresentation to gain consent to enter from the person in lawful possession.").

**VACATED IN PART AND AFFIRMED IN PART.** [1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.